IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CENTIMARK CORPORATION,<br><br>    Plaintiff,<br><br>    v.<br><br>1901 GATEWAY HOLDINGS, LLC,<br><br>    Defendant. | Civil Action No. 21-426<br>Judge Nora Barry Fischer |

## MEMORANDUM OPINION

### I. INTRODUCTION

Plaintiff, CentiMark Corporation initiated this declaratory judgment action, seeking a declaration that Plaintiff does not have any obligations to Defendant, 1901 Gateway Holdings, LLC, under two written contracts. (Docket No. 1). Gateway responded by filing a Motion to Dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). (Docket No. 12). Presently before the Court are Gateway's Motion to Dismiss and its Brief in Support of its Motion to Dismiss, (Docket Nos. 12; 13), CentiMark's Response in Opposition, (Docket No. 15), and Gateway's Reply, (Docket No. 18). After careful consideration of the parties' positions and for the following reasons, Gateway's Motion to Dismiss [12] is granted.

### II. FACTUAL BACKGROUND

In 2012, third party KCP Gateway, L.P. ("KCP") entered into a Sales Agreement with CentiMark in which CentiMark would perform roofing work on a building owned by KCP located in Irving, Texas. (Docket No. 1 at 2; Docket No. 1-1 at 1). The Sales Agreement states, "[t]he only warranty to be provided by CentiMark to [KCP] will be the CentiMark Corporation Non-Prorated

1

Limited Warranty for the length of time stated on the face of this Sales Agreement, which terms and conditions shall govern all warranty matters between CentiMark and [KCP] herein." (Docket No. 1-1 at 1). Coverage under the Non-Prorated Limited Warranty ran from 2012 to 2032. (Docket No. 1-2 at 1). The Sales Agreement contains the following forum-selection clause:

> Any disputes or actions relating to or arising out of the Work to be performed pursuant to this Sales Agreement shall be exclusively governed by the laws of the Commonwealth of Pennsylvania. Jurisdiction and venue of any action or proceeding arising out of or relating to the Sales Agreement shall be vested in the state or federal courts in Washington County, Pennsylvania. Purchaser irrevocably waives any objections it now has or may hereafter have to the convenience or propriety of this venue.

(Docket No. 1-1 at 2).

There are also two relevant provisions in the Non-Prorated Limited Warranty: a forum-selection clause and an assignment clause. (Docket No. 1-2). The forum-selection clause states:

> This Warranty is issued at the Corporate offices of CentiMark Corporation at Canonsburg, Pennsylvania, and accordingly is governed by Pennsylvania law. Jurisdiction and venue of any dispute arising under/or pursuant to the terms of this Warranty shall be vested in courts sitting in Washington County, Pennsylvania.

(Docket No. 1-2 at 1). The assignment clause provides:

> This warranty is not assignable by operation of law or otherwise. Application may be made by a new building owner for re-issuance of the warranty during the original warranty period. Certain procedures including, but not limited to, an inspection of the Roofing System by a CentiMark representative and fees will apply to any re-issuance. CentiMark reserves the right, at its sole discretion, to refuse to reissue this warranty.

(Docket No. 1-2 at 1). In 2013, KCP sold the building to third party Mobile Park Investment, Inc. (Docket No. 1 at 3). KCP and Mobile Park entered into an agreement for the assignment of the Limited Warranty. (Docket No. 1-4). To that end, the agreement notes that, "[w]hereas, CENTIMARK CORPORATION has Issued a Non-Prorated Limited Roof Warranty (hereinafter

2

'Limited Warranty') to [KCP]. The Limited Warranty is described as follows and more fully described in Exhibit A attached hereto." (Docket No. 1-4 at 1). The assignment continues, "[KCP] has sold, or will sell, the building, described above, to [Mobile Park] and desires to assign all of its rights, duties and obligations, as specified in the Limited Warranty to [Mobile Park], subject to all of the terms of conditions contained therein." (Docket No. 1-4 at 1). Lastly, the assignment states, "[KCP] hereby sells, assigns and transfers, to the [Mobile Park], its heirs, executors, administrators, successors and assigns, all of its right, title and interest in the Limited Warranty." (Docket No. 1-4 at 1). CentiMark approved of the Assignment. (Docket No. 1 at 3; Docket No. 1-3 at 1).

In 2020, Mobile Park sold the building to Gateway, a Texas limited liability company which has its principal place of business in Dallas County, Texas. (Docket No. 1 at 1, 3-4). Subsequently, Gateway "made demands" against CentiMark under the Limited Warranty "for repair work to be performed on the roof." (Docket No. 1 at 4). Additionally, Gateway filed a petition for a pre-suit deposition in Texas state court on December 23, 2020 in which it asserted that Mobile Park "conveyed and assigned th[e] Warranty and all claim rights relating thereto to Gateway at the time Gateway purchased" the building. (Docket No. 15-5 at 2). It appears that CentiMark contested this pre-suit discovery but that the dispute remains pending in Texas state court.

### III. PROCEDURAL HISTORY

On April 1, 2021, CentiMark brought this declaratory judgment action pursuant to 28 U.S.C. § 2201 against Gateway to declare its rights and obligations to Gateway under the Limited Warranty. (Docket No. 1 at 5). It alleged that neither Mobile Park nor Gateway obtained written consent from CentiMark to assign the Limited Warranty to Gateway when Mobile Park sold the

3

building to Gateway. (Docket No. 1 at 3-4). According to CentiMark, "[t]he consequences of this inaction is that [Gateway] lacks warranty coverage for the Property's roof." (Docket No. 1 at 4). CentiMark requested that the Court declare the following:

>  (1) "the Warranty did not transfer to [Gateway];"
>  (2) "no warranty coverage exists to [sic] for the Property's roof;"
>  (3) "Mobile Park's alleged assignment of claims is invalid under the Sales Agreement and/or Warranty;"
>  (4) "CentiMark is not obligated for expenses, costs, repairs, and damages related to the Property's roof; and"
>  (5) "[Gateway] is obligated to pay all reasonable attorneys' fees, costs, and expenses incurred by CentiMark in connection with [Gateway]'s warranty claim."

(Docket No. 1 at 5). On August 2, 2021, Gateway brought a Motion to Dismiss for lack of personal jurisdiction and filed its Brief in Support. (Docket No. 12; Docket No. 13). CentiMark countered by filing a Response in Opposition on August 23, 2021. (Docket No. 15). Gateway filed a Reply on September 7, 2021. (Docket No. 18). As such, the Court considers Gateway's motion fully briefed and ripe for disposition.[1]

## IV. DISCUSSION

Gateway is a not a signatory to either the Sales Agreement or the Limited Warranty.

---

[1] The parties have diverse citizenship because CentiMark's principal place of business is in Pennsylvania, and its place of incorporation is Pennsylvania; and Gateway's principal place of business is in Texas, and its sole member is a resident of Texas. (Docket No. 1 at 1). The complaint alleges an amount in controversy greater than $75,000. (Docket No. 1 at 2). In its Reply, Gateway argues that CentiMark has not established the amount in controversy because "[t]he required roof repairs, and their value, are unknown at this time." (Docket No. 18 at 5-6). But "[i]ndeterminacy of the amount to be recovered is . . . not sufficient to defeat diversity jurisdiction." *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 877 (3d Cir. 1995). Rather, "[t]he allegations on the face of the complaint control the amount in controversy unless it appears to a legal certainty [that] the claim is really for less than the jurisdictional amount." *Id.* (internal quotation marks omitted) (quoting *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961)). The Court finds that amount in controversy does not appear to be less than $75,000 to a legal certainty. Thus, the allegation in the complaint of an amount in controversy of $75,000 controls. The Court therefore has subject matter jurisdiction under 28 U.S.C. 1332(a).

CentiMark nonetheless contends that Gateway is bound by the forum-selection clauses in those agreements under the theory of direct-benefits estoppel or reasonable foreseeability. (Docket No. at 10-11). According to CentiMark, these forum-selection clauses provide the Court with personal jurisdiction over Gateway. In opposition, Gateway counters that it is not subject to personal jurisdiction in this Court and seeks dismissal of this case. Having considered the parties' arguments, the Court agrees with Gateway that dismissal is appropriate for several independent reasons. First, even assuming Gateway is bound by the forum-section clauses, the Court finds that the forum-selection clauses do not provide consent for personal jurisdiction in this Court located in Allegheny County, Pennsylvania. Second, the Court holds that the forum-selection clauses are mandatory venue provisions laying venue in Washington County, Pennsylvania and will also dismiss this action on forum non conveniens grounds. Third, the Court declines to exercise jurisdiction under 28 U.S.C. § 2201. The Court's analysis follows, starting with personal jurisdiction.

### A.  PERSONAL JURISDICTION

A party may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(2). A district court exercises personal jurisdiction according to the law of the state where it sits. *O'Connor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007) (citing FED. R. CIV. P. 4(k)(1)(A)). Under Pennsylvania's long-arm statute, the Court may exercise jurisdiction to the fullest extent permitted under the Due Process Clause of the Fourteenth Amendment. 42 Pa. C.S. § 5322(b). Accordingly, the Court looks to whether, under the Due Process Clause, the defendant has "certain minimum contacts with . . . [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *O'Connor*, 496 F.3d at 316-17 (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

A court can possess personal jurisdiction over a party through general jurisdiction or personal jurisdiction. *Bristol-Myers Squibb Co. v. Superior Ct. of Cal.*, 137 S. Ct. 1773, 1779-80 (2017). A court has general jurisdiction over a party when the party is essentially at home in the court's forum, typically the party's place of incorporation or its principal place of business. *Daimler AG v. Bauman*, 571 U.S. 117, 138-39 (2014). Specific jurisdiction exists over a party when (1) the party "purposefully direct[s] [its] activities" at the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 473 (1985), (2) the suit "aris[es] out of or relat[es] to the defendant's contacts with the *forum*," *Bristol-Meyers*, 137 S. Ct. at 1780 (internal quotation marks omitted) (quoting *Daimler*, 571 U.S. at 754), and (3) exercise of the court's jurisdiction over the party is reasonable. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980).

In addition, a party may consent to personal jurisdiction through a forum-selection clause. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703-04 (1982). Determining whether a party has consented to personal jurisdiction through a forum-selection clause involves contract interpretation. *John Wyeth & Brother Ltd. v. CIGNA Int'l Corp.*, 119 F.3d 1070, 1073 (3d Cir. 1997).

"When a defendant raises the defense of the court's lack of personal jurisdiction, the burden falls upon the plaintiff to come forward with sufficient facts to establish that jurisdiction is proper." *Mellon Bank (East) PSFS, Nat'l Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992). Where, as here, the court does not hold an evidentiary hearing on the motion to dismiss, "the plaintiff need only establish a prima facie case of personal jurisdiction and the plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor." *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 97 (3d Cir. 2004). Once the plaintiff establishes a prima facie case of personal

jurisdiction, the burden shifts to the defendant to demonstrate that the exercise of personal jurisdiction is unreasonable. *O'Connor*, 496 F.3d at 324.

CentiMark's complaint alleges that Gateway has its principal place of business in Texas, and its single LLC member is a resident of Texas. (Docket No. 1 at 1). Thus, the Court lacks general jurisdiction over Gateway. Further, the Court finds that the complaint makes no allegations that Gateway purposefully directed its activities at Pennsylvania, and that the parties appear to agree that Gateway has not had any contacts with Pennsylvania. (*See generally* Docket No. 1). Rather than making a general or specific jurisdiction argument, CentiMark asserts that Gateway consented to personal jurisdiction through the forum-selection clauses in the Sales Agreement and Limited Warranty. (Docket No. 15 at 12-13). Thus, the Court will devote its analysis to whether Gateway consented to the Court's jurisdiction through the forum-selection clauses and will assume that Gateway is bound by the forum-selection clauses for purposes of this motion.

Several courts have persuasively recognized that when a forum-selection clause places jurisdiction in a county that does not contain a federal courthouse, the clause excludes federal courts located outside the boundaries of the county. *See, e.g., Wall v. Corona Cap.*, LLC, 221 F. Supp. 3d 652, 658 (W.D Pa. 2016) (Kearney, J.); *Wall Street Aubrey Golf, LLC v. Aubrey*, No. 05-cv-1163, 2005 WL 8175021, at *1 (W.D. Pa. Nov. 10, 2005) (Schwab, J.), *aff'd*, 189 F. App'x 82 (3d Cir. June 5, 2006) (non-precedential); *Paolino v. Argyll Equities, L.L.C.*, No. 05-CA-0342, 2005 WL 2147931, at *4 (W.D. Tex. Aug. 31, 2005) (collecting cases). Here, the Sales Agreement states, [j]urisdiction and venue of any action or proceeding arising out of or relating to the Sales Agreement shall be vested in the state or federal courts in Washington County, Pennsylvania." (Docket No. 1-1 at 2). In the Court's view, use of the prepositional phrase "in Washington County" indicates that the parties agreed to jurisdiction in courts physically located in Washington County.

7

The Western District of Pennsylvania has territorial jurisdiction over Washington County, but "Court for the Western District shall be held at Erie, Johnstown, and Pittsburgh," and Washington County contains none of those listed cities. 28 U.S.C. § 118(c). The clause in the Sales Agreement lists "federal courts" as a potential venue, but the prepositional phrase "in Washington County," modifies "federal courts" to limit the eligible federal courts to those which, in theory, are located in Washington County. *Wall Street Aubrey Golf, LLC v. Aubrey*, 189 F. App'x 82, 86 (3d Cir. June 5, 2006) (non-precedential) (explaining that Western District of Pennsylvania courts "sit[] in Erie (Erie County), Johnstown (Cambria County), and Pittsburgh (Allegheny County)" and do "not have a physical location" elsewhere). Following persuasive precedent, the Court holds that none of the parties to the Sales Agreement consented to personal jurisdiction in this Court via the forum-selection clause, and it therefore cannot be used to obtain personal jurisdiction over Gateway.

Similarly, the forum-selection clause in the Limited Warranty says that jurisdiction and venue "shall be vested in courts sitting in Washington County, Pennsylvania." (Docket No. 1-2 at 1). "Sitting" is a term used by courts to refer to where the court physically conducts its business. *Sitting*, BLACK'S LAW DICTIONARy (11th ed. 2019) ("A court session"); *see also Aubrey*, 189 F. App'x at 86 (explaining that courts of the Western District of Pennsylvania "*sit*[] in Erie (Erie County), Johnstown (Cambria County), and Pittsburgh (Allegheny County)" (emphasis added)). This Courts "sits" in Pittsburgh, which is located in Allegheny County, not Washington County. 28 U.S.C. 118(c) ("Court for the Western District shall be held at Erie, Johnstown, and Pittsburgh."). Indeed, a court interpreting the exact forum-selection clause at issue here observed that "[a]ccording to the weight of authority, this clause might well be interpreted as mandating that disputes arising out of the written warranty be brought in state courts in Washington County, Pennsylvania," but disposed of the case on other grounds. *Travelers Prop. Cas. Co. of Am. v.*

*CentiMark, Corp.*, No. 04-cv-0916, 2005 WL 1038842, at *6 (S.D. Ohio May 3, 2005). As such, the Court likewise holds that the forum-selection clause in the Limited Warranty is insufficient to demonstrate that the parties to the agreement consented to the personal jurisdiction of this Court. Accordingly, Gateway's motion to dismiss will be granted and this case will be dismissed for lack of personal jurisdiction.

### B. FORUM NON CONVENIENS

The Court's analysis of the forum-selection clauses also reveals that dismissal of this case is appropriate on forum non conveniens grounds. If a forum-selection clause contains a mandatory venue provision providing for a state-court forum, then all actions not filed in that state-court forum must be dismissed on forum non-conveniens grounds, absent extraordinary circumstances. *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62-66 (2013). Under *Atlantic Marine*, forum-selection clauses should be "given controlling weight in all but the most exceptional cases." 571 U.S. at 60 (quoting *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 33 (1988) (Kennedy J., concurring)). Certain public-interest factors enumerated by the Supreme Court can, in theory, combine to overcome the choice of forum in a forum-selection clause.[2] But, "those factors will rarely defeat a transfer motion, [and thus] the practical result is that forum-selection clauses should control except in unusual cases." *Id.* at 64.

"A mandatory forum selection clause provides venue is proper only in the identified

---

[2] The public-interest factors include: "the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; [and] the interest in having the trial of a diversity case in a forum that is at home with the law." *Atlantic Marine Constr. Co. v. U.S. Dist. Ct. for the W. Dist. of Tex.*, 571 U.S. 49, 62 n.6 (2013) (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 n.6 (1981)). The Third Circuit has added "the availability of an adequate alternative forum where defendants are amenable to process and plaintiffs' claims are cognizable" as another factor to consider in the forum non conveniens analysis. *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 186 (3d Cir. 2017).

forum. A permissive forum selection clause authorizes venue in the selected forum." *Wall*, 221 F. Supp. 3d at 658 (footnote omitted). In this Court's estimation, the use of the word, "shall" in "shall be vested" in both the Sales Agreement and Limited Warranty indicate that the clauses are mandatory venue provisions rather than a permissive venue provisions. *See, e.g.*, *Aubrey*, 189 F. App'x at 85-86 (explaining that the use of "shall" makes a venue provision mandatory even though the provision did not contain "express language indicating exclusivity"); *Collins v. Mary Kay, Inc.*, 874 F.3d 176, 185 n.8 (3d Cir. 2017) (observing in a case construing Texas law that "[t]here is no dispute in this case that the Agreements' forum selection clauses were mandatory in effect, *requiring* parties to bring the claims in Texas state court, rather than just permissive" when the clause stated that disputes "shall be submitted" to a Texas venue); *see also Advanced Mktg. Int'l, Inc. v. Morgan*, No. 05-cv-435, 2006 WL 1679219, at *3 (M.D. Fla. June 14, 2006) (collecting cases).

Moreover, several courts analyzing identical language contained in the Limited Warranty have reached the same conclusion as this Court: that the Limited Warranty contains a mandatory forum-selection clause. *See Travelers*, 2005 WL 1038842, at *3 (observing that "[v]enue is clearly specified and the word 'shall' connotes obligatory language," meaning "the clause should be considered mandatory"); *Buddy's Plant Plus Corp. v. Centimark Corp.*, No. 09-cv-99, 2010 WL 11619710, at *3 (N.D. Tex. Mar. 4, 2010) ("The language used in the clause contains the mandatory 'shall' phraseology. . . . Such wording is generally held to foreclose other possibilities.").

Like with personal jurisdiction, when a forum-selection clause places venue in a county that does not contain a federal courthouse, the clause excludes federal courts located outside the boundaries of the named county. *See, e.g.*, *Aubrey*, 2005 WL 8175021, at *1 ("Because this Court

does not have venue in Butler County, and the only court with venue in Butler County is the Court of Common Pleas . . . [the forum-selection clause] obligates the parties to litigate claims . . . in the Court of Common Pleas of Butler County."), *aff'd*, 189 F. App'x 82 (3d Cir. June 5, 2006) (non-precedential). To reiterate, the forum-selection clauses mandate venue in Washington County but the U.S. District Court for the Western District of Pennsylvania sits in venues outside Washington County, i.e., Pittsburgh, Erie and Johnstown. Accordingly, the Court must also dismiss this case on forum non conveniens grounds in addition to personal jurisdiction grounds.[3]

### C. DISCRETION UNDER 28 U.S.C. § 2201

Finally, even if the Court had personal jurisdiction over Gateway and venue was proper in the Western District of Pennsylvania, the Court would alternatively decline to exercise jurisdiction over this declaratory judgment action. Section 2201 provides:

> [i]n a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, *may* declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." (emphasis added).

In *Reifer v. Westport Ins. Corp.*, 751 F.3d 129 (3d Cir. 2014), the Third Circuit provided a "non-exhaustive" list of factors for a district court to consider when deciding whether to exercise jurisdiction under § 2201. *Id.* at 146. The Third Circuit also contemplated "situations in which district courts must consult and address other relevant case law or considerations" besides the enumerated factors. *Id.* The factors include:

> (1) the likelihood that a federal court declaration will resolve the uncertainty of obligation which gave rise to the controversy;
> (2) the convenience of the parties;
> (3) the public interest in settlement of the uncertainty of obligation;
> (4) the availability and relative convenience of other remedies;

---

[3]   The Court finds that none of the public-interest factors mentioned in *Atlantic Marine* overcome the mandate to lay venue in Washington County.

11

>
> (5) a general policy of restraint when the same issues are pending in a state court;
> (6) avoidance of duplicative litigation;
> (7) prevention of the use of the declaratory action as a method of procedural fencing or as a means to provide another forum in a race for *res judicata;* and
> (8) (in the insurance context), an inherent conflict of interest between an insurer's duty to defend in a state court and its attempt to characterize that suit in federal court as falling within the scope of a policy exclusion.

*Id.*

Given that no parallel state case involving the parties is currently pending, many of the factors listed in *Reifer* do not apply.[4] Still, as explained above, the forum-selection clauses in the contracts mandate venue in Washington County. In this Court's opinion, these mandatory forum-selection clauses weigh heavily against the Court exercising jurisdiction under § 2201 to hear the case. *Atl. Marine*, 571 U.S. at 64 ("When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation."). Thus, after careful consideration of the *Reifer* factors and in consideration of the mandatory forum-selection clauses, the Court would alternatively exercise its discretion to decline to hear this § 2201 action.

In sum, the forum-selection clauses at issue here plainly reveal that this action is in the wrong forum. Accordingly, the Court will dismiss for lack of personal jurisdiction; on forum non conveniens grounds; and, pursuant to its discretion under § 2201.

V. CONCLUSION

Based on the foregoing, Gateway's Motion to Dismiss [12] is GRANTED, and

---

[4] Gateway filed a petition for a pre-suit deposition in Texas state court on December 23, 2020, but the record does not reveal, nor do the parties indicate, the status of that action. Accordingly, the Court presumes no parallel litigation is ongoing on Texas state court.

Centimark's complaint is dismissed, without prejudice.[5] An appropriate order follows.

*s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

Date: September 17, 2021

cc/ecf: All counsel of record.

---

[5] The Court notes that because this case must be dismissed on forum non conveniens grounds, it cannot be transferred to another federal court pursuant to 28 U.S.C.§ 1404(a).